1 BENJAMIN B. WAGNER
United States Attorney
2 CATHERINE J. SWANN
Assistant United States Attorney
3 501 I Street, 10th Floor
Sacramento, California 95814
4 Telephone: (916) 554-2762
Fax: (916) 554-2900
5
TONY WEST
6 Assistant Attorney General
KENNETH L. JOST
7 Acting Director, Office of
Consumer Protection Litigation
8 DANIEL M. BAEZA
Trial Attorney
9 Office of Consumer Protection Litigation
Virginia Bar #74645
10 United States Department of Justice
Liberty Square Building - Room 6400 South
11 450 Fifth St., NW
Washington, DC 20001
12 Telephone: (202) 616-4916
Facsimile: (202) 514-8742
13 E-Mail: dan.baeza@usdoj.gov
Attorneys for the United States of America
14

15                  UNITED STATES DISTRICT COURT FOR THE
                    EASTERN DISTRICT OF CALIFORNIA
16                       SACRAMENTO DIVISION

17

18 UNITED STATES OF AMERICA,            )
                                        )
19              Plaintiff,              )
                                        )
                                        ) Civil No. 2:11-CV-1682-GEB-CMK
20      v.                              )
                                        )
21                                      ) CONSENT DECREE OF
   JOHN C. VIRTUE, an individual,       ) PERMANENT INJUNCTION
22 doing business as                    )
   VIRTUE CALVES, a sole               )
23 proprietorship, and                  )
   SHANNON L. VIRTUE,                   )
24 an individual,                       )
                                        )
25              Defendants.             )

26

27

28
                                      CONSENT DECREE OF
                    1             PERMANENT INJUNCTION

1    The United States of America, having filed a Complaint for Permanent Injunction against

2    John C. Virtue, an individual doing business as Virtue Calves, and Shannon L. Virtue, an

3    individual ("defendants"), and defendants, having appeared and consented to entry of this

4    Consent Decree of Permanent Injunction ("Decree") without contest and before any testimony

5    has been taken, and the United States of America having consented to the Decree,

6              IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

7        1.  This Court has jurisdiction over the subject matter and over all parties to this action.

8        2.  The Complaint states a cause of action against defendants under the Federal Food,

9    Drug, and Cosmetic Act (the "Act"), 21 U.S.C. §§ 301-397.

10       3.  Defendants violate the Act, 21 U.S.C. § 331(a) by  introducing and delivering for

11   introduction into interstate commerce food within the meaning of 21 U.S.C. § 321(f), namely

12   veal calves and their edible tissues, that are adulterated within the meaning of 21 U.S.C.

13   § 342(a)(2)(C)(ii), in that they contain unsafe new animal drugs, and 21 U.S.C. § 342(a)(4), in

14   that defendants hold food under insanitary conditions whereby it may have been rendered

15   injurious to health.

16       4.  Defendants and each and all of their agents, representatives, employees, attorneys,

17   heirs, assigns, successors, and any and all persons in active concert or participation with any of

18   them (collectively, "Associated Persons") with notice of this Decree, are permanently restrained

19   and enjoined pursuant to 21 U.S.C. § 332(a) and the equitable authority of this Court from

20   directly or indirectly introducing and causing to be introduced and delivering for introduction

21   into interstate commerce any food within the meaning of 21 U.S.C. § 321(f), consisting of

22   animals or their edible tissues, unless and until all of the following occur:

23              (a)  Defendants establish a written record-keeping system (the "written record") in

24                   which they permanently and individually identify each animal purchased, held,

25                   transported, consigned, or sold.  The information contained in the written record shall

26                   include, at a minimum:

27                        (1)    the date the animal was purchased or obtained;

28

**CONSENT DECREE OF
PERMANENT INJUNCTION**

1          (2)        the name and complete address of the seller;

2          (3)        the tag number of the animal or, if the animal does not have a tag

3                      number at the time of purchase by defendants, defendants shall,

4                      upon purchase, place a tag number or other identifier on the animal

5                      and record it in the written record;

6          (4)        the date defendants sold, consigned, distributed, transported, or

7                      delivered the animal for slaughter or otherwise disposed of it; and

8          (5)        the name and complete address of the seller, consignee, or receiver

9                      of the animal;

10         (b) Defendants establish a system whereby, for each animal purchased that is

11    intended for slaughter or may be sent to slaughter, defendants determine whether the

12    animal has been medicated, been fed medicated feed, or been fed milk or colostrum from

13    a medicated animal.  Defendants shall make such determination by requesting and

14    reviewing all records maintained by the seller and obtaining a signed written statement

15    from the seller that indicates the medication status of the animal.  Defendants shall

16    identify a medicated animal in their written record by stating that the animal is medicated

17    and a non-medicated animal by stating that the animal is non-medicated and shall record,

18    in the written record, the name of the person who provided information about the animal's

19    medication status.  For each animal that is medicated, defendants shall also obtain the

20    following information from the seller and record such information in the written record:

21         (1)        the date of each administration of medication or feeding of

22                     medicated feed, milk, or colostrum;

23         (2)        the name and dosage of the drug or medicated feed used;

24         (3)        the route of administration of the drug; and

25         (4)        whether and when the withdrawal period has expired or will

26                     expire;

27

28

**CONSENT DECREE OF**
3          **PERMANENT INJUNCTION**

(c) Defendants establish a system to segregate medicated and non-medicated animals they hold that ensures defendants will not sell, consign, or deliver for slaughter any animal that may contain illegal residues of new animal drugs;

(d) Defendants establish a system whereby prior to sale, consignment, or delivery of any animal to any person or entity who may send such animal to slaughter at any time, they provide to the purchaser, receiver, or consignee of the animal a signed written statement stating whether the animal has been medicated or fed medicated feed or milk or colostrum from a medicated animal. If so medicated, the signed written statement shall also state:

> (1) the date of each administration of medication or feeding of medicated feed, milk, or colostrum;
>
> (2) the name and dosage of the drug or medicated feed used;
>
> (3) the route of administration of the drug; and
>
> (4) whether and when the withdrawal period has expired or will expire.

This system shall ensure that no animal that may be slaughtered is sold by defendants unless the purchaser, receiver, or consignee is informed of the complete medication status of the animal. If the animal has not been medicated or fed milk or colostrum from a medicated animal, defendants shall provide a signed and dated written statement to the purchaser, receiver, or consignee declaring that the animal has not been medicated. Defendants shall also obtain the signature of the purchaser, receiver, or consignee documenting receipt of the signed and dated written statement from defendants;

(e) Defendants have reported to FDA in writing the steps taken to comply with paragraphs 4(a)-(d) above;

(f) FDA has inspected defendants' operations, including all records relating to defendants' purchase, transport, holding, sale, consignment, and distribution of animals; and

1          (g)  FDA has notified defendants, in writing, that they appear to be in compliance

2     with the requirements of paragraphs 4(a)-(d) of this Decree.

3          5.  After receiving FDA approval pursuant to paragraph 4(g) above, defendants shall

4     continuously implement the systems set forth in paragraph 4(a)-(d) above.

5          6.  Defendants shall maintain the written record and all other records or statements

6     described in paragraph 4 for each animal for a period of at least 3 years after the date the animal

7     is sold, consigned, distributed, or delivered to any person or entity.  Defendants shall make these

8     records available to FDA immediately upon request for inspection and copying.

9          7.  Within 15 calendar days after entry of this Decree, defendants shall provide a copy of

10    the Decree, by personal service or, if necessary, by certified mail, return receipt requested, to

11    Associated Persons and all persons to whom defendants have sold, consigned, or delivered any

12    animals within one year preceding the date of entry of the Decree.

13         8.  Within 20 calendar days after entry of this Decree, defendants shall provide the

14    Director, FDA San Francisco Office, at the address set forth in paragraph 17, and to plaintiff's

15    attorneys, an affidavit, from a person with personal knowledge of the facts stated therein, stating

16    the fact and manner of defendants' compliance with paragraph 7, and identifying the names and

17    positions of all persons who were notified pursuant to paragraph 7.

18         9.  After entry of the Decree, defendants shall, within 5 calendar days of hiring, engaging,

19    or retaining any new employee, consultant, contractor, or person on a permanent or temporary

20    basis, provide a copy of the Decree, by personal service or, if necessary, by certified mail, return

21    receipt requested, to all such persons.

22         10.  After defendants receive written notification from FDA as specified in paragraph 4(g)

23    above, defendants and all Associated Persons are permanently restrained and enjoined from

24    directly or indirectly doing or causing to be done any of the following acts:

25              (a) Introducing or delivering for introduction into interstate commerce animals for

26         use as human food that are adulterated within the meaning of 21 U.S.C. §§ 342

27         (a)(2)(C)(ii) or 342 (a)(4);

28

                                              **CONSENT DECREE OF**
                              5              **PERMANENT INJUNCTION**

1          (b) Failing to implement and continuously maintain each of the requirements of

2     this Decree.

3          11.  FDA shall be permitted, without prior notice and as and when FDA deems necessary,

4     to inspect defendants' livestock operations, including any new locations, and to take any other

5     measures necessary to monitor and ensure continuing compliance this Decree.  Such inspections

6     may, at FDA's sole discretion, include the taking of photographs and samples and the

7     examination and copying of all records that relate to the purchase, holding, delivery, sale,

8     consignment, or distribution of animals on the premises.  FDA shall have permission to inspect

9     by presenting a copy of this Decree and appropriate credentials.  Such inspection authority

10    granted by this Decree is apart from, and in addition to, the authority to make inspections under

11    21 U.S.C. § 374.

12         12.  Upon request, defendants shall promptly provide all information or records to FDA

13    regarding the purchase, sale, consignment, holding, transport, delivery, or medication of any

14    animals.

15         13.  Defendants shall reimburse FDA for the costs of conducting and evaluating all

16    inspectional, analytical, or other work that FDA deems necessary to evaluate defendants'

17    compliance with this Decree at the standard rates prevailing at the time the activities are

18    accomplished.  As of the date of entry of this Decree, these rates are:  $87.57 per hour and

19    fraction thereof per representative for inspection work; $104.96 per hour or fraction thereof per

20    representative for analytical or review work; $.51 per mile for travel expenses by automobile;

21    government rate or the equivalent for travel by air or other means; and the published government

22    per diem rate or the equivalent for the areas in which the inspections are performed per day, per

23    representative for subsistence expenses, where necessary.  In the event that the standard rates

24    generally applicable to the FDA supervision of court-ordered compliance are modified, these

25    rates shall be increased or decreased without further order of the Court.

26         14.  If defendants violate this Decree and are found in civil or criminal contempt,

27    defendants shall, in addition to other remedies, reimburse plaintiff for its attorneys' fees

28

**CONSENT DECREE OF
PERMANENT INJUNCTION**

1    (including overhead), investigational expenses, expert witness fees, and court costs relating to

2    such contempt proceedings.

3        15.  If, based on the results of any inspection or analysis conducted by FDA or any other

4    information, FDA finds that any defendant is not in compliance with the Act, FDA regulations,

5    or this Decree, FDA may, as and when it deems necessary, notify defendants in writing of the

6    non-compliance and may require that defendants immediately take one or more of the following

7    actions:

8            (a)    Cease selling or delivering, and causing to be sold or delivered, any article

9        of food within the meaning of 21 U.S.C. 321(f);

10           (b) Take any corrective actions as FDA deems necessary to bring defendants into

11       compliance with this Decree, the Act, and FDA regulations.

12   Upon receipt of such notification, defendants shall immediately and fully comply with the terms

13   of the notice.  Any cessation of operations or other action ordered by FDA as described above

14   shall continue until defendants receive written notification from FDA that defendants appear to

15   be in compliance with the terms of this Decree, the Act, and all applicable regulations.

16       16.  Defendants shall notify FDA in writing at least 15 calendar days before any change in

17   ownership, name, or character of the business, such as reorganization, relocation, dissolution,

18   assignment, lease, or sale of the business or any other change that may affect compliance with

19   this Decree.  Defendants shall provide any prospective successor or assign with a copy of this

20   Decree  at least 30 calendar days before any such change in the business.  Within 5 calendar days

21   of providing a copy of this Decree to a prospective successor or assign, defendants shall provide

22   FDA and plaintiff's attorneys with an affidavit signed by a person with personal knowledge of

23   the facts stated therein, attesting to defendants' compliance with this paragraph.

24       17.  If any defendant(s) fails to comply with any provision of this Decree, the Act, and/or

25   its implementing regulations as determined by FDA in its sole discretion, then defendant(s) shall

26   pay the United States Treasury as liquidated damages the sum of $1,000.00 for each day each

27   such defendant(s) fails to comply with this Decree, the Act, and/or its implementing regulations

28

**CONSENT DECREE OF
PERMANENT INJUNCTION**

(e.g.,if two violations occur for two days, the liquidated damages for each defendant shall be $4,000.00), and an additional $5,000.00 for each animal that defendant(s) purchase, sell, consign, deliver, distribute or hold for sale in violation of this Decree, the Act, and/or its implementing regulations (e.g., if two animals are sold in violation of this Decree, the liquidated damages for each defendant shall be $10,000).  Defendants understand and agree that the liquidated damages specified in this paragraph are not punitive in nature and that they do not in any way limit the ability of the United States to seek, and the Court to impose, additional criminal or civil penalties based on conduct that may also be the basis for the payment of liquidated damages.

18.  Defendants shall address all communications with FDA required under this Decree to Director Compliance Branch, United States Food and Drug Administration, San Francisco District Office, 1431 Harbor Bay Parkway, Alameda, California, 94502, and reference this civil action by case name and civil action number.

19.  All FDA decisions specified in this Decree are vested in FDA's sole discretion and final.  If necessary, this Court shall review any such decisions under the arbitrary and capricious standard set forth in 5 U.S.C. § 706(2)(A).  Review of any FDA decision under this Decree shall be based exclusively on the written record before FDA at the time of the decision.  No discovery shall be taken by either party.

20.  No sooner than 60 months after entry of this Decree, defendants may petition this Court for an order to dissolve the Decree.  If defendants have maintained, to FDA's satisfaction, a state of continuance compliance with this Decree, the Act, and all applicable regulations during the 60 months preceding defendants' petition, the United States will not oppose such petition.

21.  Except as provided otherwise in this Decree, the parties shall bear their own costs and attorneys' fees in this action.

22.  This Court retains jurisdiction over this action to enforce or modify this Decree and to grant all additional relief as is necessary and appropriate.

**CONSENT DECREE OF
PERMANENT INJUNCTION**

1  SO ORDERED:

2  Dated:  July 19, 2011

3

4  _____
   GARLAND E. BURRELL, JR.

5     United States District Judge

6

7

8  We hereby consent to the entry of this Decree:

   FOR DEFENDANTS                          FOR PLAINTIFF
9                                          BENJAMIN B. WAGNER
                                           United States Attorney
10
                                           BY:
11 s/ John C. Virtue
   _____
   John C. Virtue                          s/ Catherine Swann
12 Individually and doing business as Virtue   _____
   Calves                                  CATHERINE SWANN
13                                          Assistant United States Attorney

14                                          s/ Dan Baeza
   s/ Shannon L. Virtue                     _____
   _____     DAN BAEZA
   Shannon L. Virtue                        Trial Attorney
15 Individually                             Office of Consumer Litigation
                                            U.S. Department of Justice,
16                                          Civil Division
                                            6th Floor South
17                                          450 Fifth Street, N.W.
                                            Washington, DC 20001
18

19

20

21

22

23

24

25

26

27

28

                                           **CONSENT DECREE OF**
                          9                **PERMANENT INJUNCTION**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

OF COUNSEL:

WILLIAM B. SCHULTZ
Acting General Counsel
United States Department of Health and
Human Services

RALPH S. TYLER
Chief Counsel
Food and Drug Division

ERIC M. BLUMBERG
Deputy Chief Counsel for Litigation,
Food and Drug Division

KAREN C. CORALLO
Associate Chief Counsel
Food and Drug Division

**CONSENT DECREE OF
PERMANENT INJUNCTION**